UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

COREY A. JACKSON,

    Plaintiff,

v.                                            Case No. 3:23cv24678-MCR-HTC

JOSHUA P. SUMP,

    Defendant.

_____/

<u>ORDER</u> and
<u>REPORT AND RECOMMENDATION</u>

Plaintiff Corey A. Jackson, a prisoner proceeding *pro se* and *in forma pauperis*, filed a second amended civil rights complaint under 42 U.S.C. § 1983 alleging Defendant Joshua P. Sump violated the Eighth Amendment by using excessive force. Doc. 21. Sump has moved to dismiss Jackson's second amended complaint, arguing, among other things, that Jackson failed to accurately disclose his litigation history.[1] Doc. 39. Jackson responded in opposition by filing a "Motion to Supplemental."[2] Doc. 43. After reviewing the parties' submissions, the

---

[1] Sump also argues Jackson failed to state a claim for excessive force, he is protected by the doctrine of qualified immunity, and Jackson is barred from recovering punitive damages by 18 U.S.C. § 3626. Doc. 39. Because the undersigned finds this case should be dismissed due to Jackson's failure to accurately disclose his litigation history, these other arguments will not be addressed.

[2] Despite filing a response to the motion to dismiss, Jackson also filed a motion for extension of time to respond to the motion. Doc. 44. Because Jackson addressed his failure to disclose in the

undersigned concludes Sump's motion should be granted and this case should be dismissed without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) due to Jackson's abuse of the judicial process in failing to accurately disclose his litigation history.

## I.     Legal Standard

Because Jackson is a prisoner proceeding *in forma pauperis* and seeking relief from a government employee, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## II.    Failure to Accurately Disclose Litigation History

Section VIII of the Northern District of Florida's civil rights complaint form, titled "Prior Litigation," asks the following question, "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?"[3]  Jackson answered "yes" to this question and identified four state court cases as being

---

response, the undersigned presumes Jackson wants an extension to respond to the qualified immunity, failure to state a claim, and punitive damages arguments.  However, since the undersigned is recommending dismissal for failure to disclose, Jackson does not need to respond to the other arguments.  Thus, the motion for extension of time shall be DENIED.

[3] While Jackson did not use the official civil rights complaint form, he submitted a handwritten second amended complaint that copied the instructions and questions from Section VIII verbatim.  Doc. 21 at 13-16.

Case No. 3:23cv24678-MCR-HTC

responsive to the question. Doc. 21 at 15-16. At the end of the second amended complaint, Jackson signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id*. at 16. Thus, Jackson has in effect stated that at the time he filed the second amended complaint, he had not filed any cases in federal court challenging his conviction.

Based on Defendant Sump's motion to dismiss, and upon the Court's own independent investigation, the undersigned takes judicial notice Jackson filed a habeas corpus petition in the Middle District of Florida on January 4, 2024, before filing his second amended complaint in this case on February 27, 2024.[4] *See Jackson v. Sec'y, Fla. Dep't of Corr.*, M.D. Fla. Case No. 6:24cv48-PGB-DCI. Jackson should have disclosed the existence of this habeas case in his second amended complaint but did not. Indeed, the question in the second amended complaint specifically asked Jackson to disclose habeas corpus petitions like the one he filed in the Middle District.[5] Also, Jackson knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: "[F]ailure to disclose all prior state and federal cases – including, but

---

[4] This case and the habeas case bear Jackson's Florida Department of Corrections inmate number (D53149), which confirms he filed both.

[5] In addition, Jackson wrote the 6:24cv48-PGB-DCI case number on a motion to proceed *in forma pauperis* he submitted on February 1, 2024, in the Middle District case, so he clearly knew the Middle District case number when he filed the second amended complaint in this case on February 27.

limited to civil cases, habeas cases, and appeals – may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified." Doc. 21 at 13.

Jackson's response to Sump's motion does not dispute that he failed to disclose the existence of the pending habeas corpus petition. Instead, Jackson claims he accurately disclosed his litigation history in his original complaint, but he inadvertently failed to disclose the habeas case in the second amended complaint because he paid law clerks to amend his complaint and they only amended the body of the complaint. Doc. 43 at 1-2.

However, this excuse does not justify Jackson's failure to identify the habeas case in the second amended complaint. Jackson signed the certification which declared, under penalty of perjury, "that all of the information stated above and included on or with this form, including my litigation history is true and correct." Doc. 21 at 16–17. Thus, he was personally responsible for ensuring the information in the second amended complaint regarding his litigation history was accurate. And courts within this circuit have rejected inmates' attempts to blame their failure to accurately disclose their litigation history on other inmates. *See Prenatt v. Dixon*, 2023 WL 3687990, at *1 (N.D. Fla. May 26, 2023) ("The Court did not overlook Plaintiff's argument that he relied on an inmate law clerk to prepare the complaint and that he 'was assured by the law clerk that everything was done right.' Even if

that is true, it does not excuse Plaintiff's failure to completely disclose his litigation history because the law clerk presumably had no independent knowledge of Plaintiff's litigation history and he relied on Plaintiff to provide that information."); *Johnson v. Burch*, 2019 WL 4596569, at *1 (N.D. Fla. Sept. 23, 2019) ("The fact that Plaintiff apparently received bad legal advice from someone in the prison law library about the form does not excuse his failure to comply with the disclosure requirements on the form or undermine the disposition recommended by the magistrate judge."); *Lucas v. Georgia*, 2012 WL 6813820, at *4 (M.D. Ga. Dec. 5, 2012), *report and recommendation adopted*, 2013 WL 103135 (M.D. Ga. Jan. 8, 2013) ("Neither the Plaintiff's alleged lack of storage space in the prison environment nor the fact that he was aided by a fellow prisoner in filing certain of the lawsuits provides an adequate explanation for Plaintiff's misrepresentations to the Court.").

Jackson's response to Sump's motion to dismiss also attempts to cure his failure to disclose by providing the required information about the pending habeas case. Doc. 43 at 2. But allowing an inmate to cure a failure to disclose by supplementing or amending a complaint would allow his misrepresentations to go unpunished. *See Walker v. Davenport*, 2017 WL 559578, at *1 (N.D. Fla. Feb. 10, 2017) ("If the Court allowed Plaintiff to cure the defect by simply amending the Complaint, Plaintiff would face no punishment for his failure to disclose. . . .The

only adequate sanction is dismissal without prejudice."); *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Based on the foregoing, the Court should not allow Jackson's false response to go unpunished. An appropriate sanction for Jackson's failure to provide the Court with accurate information is to dismiss this case without prejudice. *See Redmon v. Lake Cnty. Sheriff's Office,* 414 Fed. Appx. 221, 226-26 (11th Cir. 2011) (affirming dismissal of plaintiff's amended complaint for misrepresenting his litigation history when he failed to disclose a case he filed in another district after the initial complaint but before the amended complaint); *Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the

prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, ECF Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is ORDERED:

1.   Jackson's motion for extension of time, Doc. 44, is DENIED.

And it is RECOMMENDED:

1.   That Sump's motion to dismiss, Doc. 39, be GRANTED.

2.   That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) for Jackson's abuse of the judicial process.

3.   That the clerk close the file.

At Pensacola, Florida, this 6th day of August, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.